TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00671-CR






James Douglas Read, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-95-0266-S, HONORABLE DICK ALCALA, JUDGE PRESIDING






 James Douglas Read appeals from a trial-court judgment convicting him of credit card
abuse. See Tex. Penal Code Ann. § 32.31 (West 1994). After a jury trial, Read was found guilty and
sentenced to two years in prison, probated for five years. We will affirm the trial-court judgment.


THE CONTROVERSY


 Read's acquaintance Joanne Camarillo possessed a stolen credit card. She and Read went
to a department store and selected a videocassette recorder. Camarillo attempted to purchase the recorder
with the stolen card. While Read and Camarillo were at the cash register, store employees identified the
card as stolen. Sensing trouble, Camarillo left the store. Read followed a few minutes later. Both were
arrested later that day and charged with credit card abuse. Read was charged as a party to the offense. 
Camarillo testified at Read's trial. She testified that Read had taken an active part in the planning and
execution of the offense. Read contends in a single point of error that the evidence is insufficient to
corroborate Camarillo's testimony under article 38.14 of the Texas Code of Criminal Procedure.


DISCUSSION


 The "accomplice witness" rule of Texas Code of Criminal Procedure article 38.14 provides
that:


A conviction cannot be had upon the testimony of an accomplice unless corroborated by
other evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the offense.



Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). It is undisputed that Camarillo was an "accomplice."

 A conviction cannot be upheld on the testimony of an accomplice witness alone. The
accomplice's testimony must be corroborated by other evidence. The "other" evidence need not be
sufficient to establish guilt beyond a reasonable doubt, nor must it directly link the accused to the
commission of the crime. Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). Rather,
the evidence need only tend to connect the accused to the commission of the alleged offense. So long as
there is some non-accomplice evidence which tends to connect the accused to the commission of the
offense, the accomplice-witness rule is satisfied. Id. The test for applying the accomplice-witness rule is
to eliminate from consideration the evidence of the accomplice witness and then examine the remaining
evidence to determine whether it tends to connect the defendant to the commission of the crime. Reed v.
State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988).

 All parties agree that Camarillo possessed a stolen credit card and that she and Read went
together to the store, picked out a videocassette recorder, and tried to purchase it with the stolen card. 
Beyond this, there is some dispute. Camarillo testified that Read knew the card was stolen, and that it was
Read's idea to go to the store to try to use the card. Read, on the other hand, admits that he was at the
store with Camarillo, but contends he was unaware that the card was stolen.

 We believe the record provides sufficient corroboration for Camarillo's testimony. All the
facts and circumstances in evidence may be looked to as furnishing the corroboration necessary to support
the testimony of an accomplice witness. Washburn v. State, 318 S.W.2d 627, 634 (Tex. Crim. App.
1958). Store employees testified Read was with Camarillo the entire time she was in the store. Proof that
the accused was at the scene of the crime at its commission, when coupled with other suspicious
circumstances, may tend to connect the accused to the crime so as to furnish sufficient corroboration to
support a conviction. Brown v. State, 672 S.W.2d 487, 489 (Tex. Crim. App. 1984). The employees
testified Read looked at several videocassette recorders and spoke at length to a salesman before choosing
the recorder that he and Camarillo tried to purchase. Read's involvement in the selection of the recorder
is not directly damaging to his claim of innocence, but his active role in the event makes it more likely that
he was aware of the circumstances surrounding the attempted purchase.

 In addition, a store security guard testified Read handled the credit card before handing it
to the cashier. The cashier who rang up the purchase testified that when she asked Camarillo for a driver's
license, Read went out to Camarillo's car to look for some identification. This evidence indicates that Read
knew that the name on the card was neither his name, nor Camarillo's.

 In sum, if one ignores all of Camarillo's damaging testimony, there is evidence in the record
that (1) Read was active in the attempted purchase of the videocassette recorder, and (2) he was aware
that the credit card used in the attempted purchase was neither his nor his companion's. This evidence
tends to connect Read to the commission of the offense, thus sufficiently corroborating Camarillo's
testimony. This left the jury free to consider Camarillo's testimony and determine on the basis of all the
evidence that Read was a party to the offense.

 We therefore overrule Read's first and only point of error and affirm the trial-court
judgment.



 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: October 16, 1997

Do Not Publish



Read contends in a single point of error that the evidence is insufficient to
corroborate Camarillo's testimony under article 38.14 of the Texas Code of Criminal Procedure.


DISCUSSION


 The "accomplice witness" rule of Texas Code of Criminal Procedure article 38.14 provides
that:


A conviction cannot be had upon the testimony of an accomplice unless corroborated by
other evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the offense.



Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). It is undisputed that Camarillo was an "accomplice."

 A conviction cannot be upheld on the testimony of an accomplice witness alone. The
accomplice's testimony must be corroborated by other evidence. The "other" evidence need not be
sufficient to establish guilt beyond a reasonable doubt, nor must it directly link the accused to the
commission of the crime. Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App. 1997). Rather,
the evidence need only tend to connect the accused to the commission of the alleged offense. So long as
there is some non-accomplice evidence which tends to connect the accused to the commission of the
offense, the accomplice-witness rule is satisfied. Id. The test for applying the accomplice-witness rule is
to eliminate from consideration the evidence of the accomplice witness and then examine the remaining
evidence to determine whether it tends to connect the defendant to the commission of the crime. Reed v.
State, 744 S.W.2d 112, 125 (Tex. Crim. App. 1988).

 All parties agree that Camarillo possessed a stolen credit card and that she and Read went
together to the store, picked out a videocassette recorder, and tried to purchase it with the stolen card. 
Beyond this, there is some dispute. Camarillo testified that Read knew the card was stolen, and that it was
Read's idea to go to the store to try to use the card. Read, on the other hand, admits that he was at the
store with Camarillo, but contends he was unaware that the card was stolen.

 We believe the record provides sufficient corroboration for Camarillo's testimony. All the
facts and circumstances in evidence may be looked to as furnishing the corroboration necessary to support
the testimony of an accompli